UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------

GREGORY ASBERY,

        Plaintiff,

-against-

LUIS MARSHALL, SGT. JOHNSON,
F.N.U. FIGUEROA, F.N.U. CAMPER,

        Defendants.
----------------------------------

**AMENDED COMPLAINT**
42 U.S.C. § 1983

10-CIV-2232 (SHS)(KNF)

Jury Trail Requested



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 3/25/11

## I. AMENDED COMPLAINT

1. Plaintiff, GREGORY ASBERY, states as follows:

## II. PARTIES, JURISDICTION AND VENUE

2. Plaintiff, Gregory Asbery is confined in Sing Sing Correctional Facility, located at 354 Hunter Street, Ossining, New York 10562.

3. Plaintiff Gregory Asbery was and at all times mentioned herein, an adult citizen of the United States of America and resident of the State of New York.

4. Defendant Luis Marshall was at all relevant times herein the Superintendent of Sing Sing Correctional Facility.

5. Defendant F.N.U. Figueroa was at all relevant times herein the Nurse Administrator.

1.

6. Defendant F.N.U. Camper is and was at all relevant times herein a part of medical staff.

7. Defendant Sgt. Johnson is an employee of the Department of Corrections. Sgt. Johnson in Plaintiffs, original complaint was John Doe #2.

8. This action arises under and is brought Pursuant to 42 U.S.C. Section 1983 to remedy the deprivation, under Color of State Law, of rights guaranteed by the Eight Amendment to the United States Constitution. This Court has jurisdiction over this action Pursuant to 28 U.S.C. Section 1331.

9. This cause of action arose in the Southern District of New York. Therefore, Venue is proper under 28 U.S.C. Section 1391(b).

### III. PREVIOUS LAWSUITS BY PLAINTIFF

10. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to same.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff has used the prisoner grievance procedure instituted by the Department of Correction in an attempt to solve issue.

### V. STATEMENT OF CLAIM

12. Plaintiff realize and incorporate by reference Paragraphs #1 through #11.

13. At all relevant times herein, Defendants were persons for the purposes of 42 U.S.C. Section 1983 and acted under Color of Law to deprive Plaintiff of his Constitutional Rights, as set forth more fully below.

## VI. STATEMENT OF FACTS

On September 2, 2008 I went to Sick Call. I complained to nurse (F.N.U. Conklin) that my leg had swelled up and that the pain was extreme. After Nurse Conklin examined my leg she told me to go back to my gallery and tell the officer to call the hospital for me in an emergency capacity. I told gallery officer what the nurse said and he asked to look at my leg. He called and then took me down as an emergency. At 9:00 AM, I arrived. I did not see anyone until 1:30 PM, and this was only after becoming slightly hostile due to my pain. The officer in charge was Officer 'DeSilvia' I told him that I was here in an emergency capacity and that someone better come see me. He told me hold on. When the nurse showed up (Nurse Camper) she said, "Give me your I.D." She return several minutes later with my medical file and said, "You not seeing nobody today". At the time I didn't know her name so I said, "Listen nurse, I'm in extreme pain, my leg is completely swollen and I can hardly walk." "Why can't I see the doctor?" She said, "Because you don't have an appointment. And you just been to sick call this morning." I said, "Yeah, I been to sick call this morning and me and the nurse both agreed that I need to see a doctor". "I'm down here as a emergency." She looked at me for a moment and then said, "Well you won't be seeing no doctor today." She

then left. Officer DeSilvia looked at me and I asked him could he get me in to see a doctor? He said, "I'm security." "That's not my department." Then he told me I had to leave. I came back the next day barely able to stand and despite the pain, I didn't cry. I was sent down to emergency by the same officer who sent me the day before 'Officer Goss'. Another nurse, nurse 'John' checked my leg and said I must see a doctor right now. I was sent in to see doctor Bakshi and he said, "We have to get you to an outside hospital." "I think its a blood clog." Outside of his office, Dr. Bakshi stopped and spoke with the area Sgt. and told him in front of me that, "We must get me to an outside hospital." As they walked away speaking, I heard Sgt. Johnson say, "I'll be right back." Approximately three minutes later he came back and told Dr. Bakshi, "that there was no transportation and I'd have to wait until tomorrow." The following day, September 4, 2008 I was taken to Mount Vernon Hospital and diagnosed with Deep Vein Thrombosis (D.V.T.), I could of died!

14. Sgt. Johnson has been added as a Defendant. He was described as John Doe on original complaint.

15. The Plaintiff has no plain adequate or complete remedy at law to redress the wrong described herein.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgement granting Plaintiff:

16. Compensatory damages against each Defendant separately in the amount of $25.000 dollars,

17. Punitive damages jointly and severally,

18. A Jury Trail on all issues triable by jury,

19. Any additional relief this Court deem just, proper and equitable.

I declare under the penalty of perjury that the foregoing is true and correct. Executed at Westchester, N.Y. 9/10/10.

*Gregory Asbery*
GREGORY ASBERY.